408

Robert FREEDMAN, Peter Balkheimer, Christine Balkheimer, Steven E. Fingerit, Leykin, Hyman & Bash Associates and Irwin Bash, Plaintiffs–Appellants,

v.

VALUE HEALTH, INC., Robert E. Patricelli, William J. McBride, David M. Wurzer, Steven J. Shulman, David J. McDonnell, Walter J. McNerney, Rodman W. Morehead, III, Constance B. Newman, Nunzio P. Desantis, John L. Vogelstein, William Barron, Courtlandt G. Miller and Diagnostek, Inc., Defendants–Appellees.

Docket No. 01–7567.

United States Court of Appeals, Second Circuit.

May 1, 2002.

Robert A. Wallner, Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY; Jeffrey W. Golan, Barrack, Rodos & Bacine, Philadelphia, PA, on the brief, for Appellants.

John C. Millian, Gibson, Dunn & Crutcher LLP, Washington, DC, for Value Health defendants-appellees. H. Robert Fiebach, Cozen O'Connor; Thomas G. Wilkinson, Jr., on the brief, Philadelphia, PA, for defendants-appellees Nunzio P. DeSantis, Courtlandt G. Miller and William Barron.

Present McLAUGHLIN, POOLER and B.D. PARKER, Jr., Circuit Judges.

*SUMMARY ORDER*

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiffs Robert Freedman, et al., appeal from the March 30, 2001, judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*) granting defendants' motions for summary judgment and dismissing this consolidated class action complaint. Plaintiffs allege that defendants violated federal securities laws in connection with the July 28, 1995, merger of Diagnostek, Inc., which provides pharmacy management services, into Value Health, Inc., which provides managed health care programs and services. Specifically, plaintiffs complain about (1) a misrepresentation in the June 27, 1995, registration statement and prospectus in which the Value Health board of directors stated that the proposed merger was fair; (2) a misrepresentation in the same prospectus in which the Value Health board failed to advise in its risk disclosure statement that several business contracts were currently in a loss position; (3) a misrepresentation in Value Health's 1994 Annual Report, which was released April 3, 1995, and the prospectus about the profitability of a key Value Health contract known as the Ford Contract; (4) a misrepresentation in a June 5, 1995, press release and the prospectus in which defendants underestimated the expected losses on a Diagnostek contract known as the New Jersey Contract; and (5) misrepresentations in the same June 5, 1995, press release in which the Value Health chairman said that his board had made a "full review" of the merger proposal and Diagnostek's chairman said that Diagnostek was a "thriving business." Plaintiffs alleged, among other things, that defendants' con-

duct violated Sections 10(b), 11 and 12(2) of the Securities Act of 1933 and Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b), 77k, 77l(a)(2). After lengthy proceedings in the district court, including the dismissal of several causes of action, *see, e.g., Freedman v. Value Health, Inc.,* 958 F.Supp. 745 (D.Conn.1997), the district court dismissed the complaint in its entirety in deciding cross-motions for summary judgment. *Freedman v. Value Health, Inc.,* 135 F.Supp.2d 317 (D.Conn.2001). Plaintiffs now appeal the summary judgment ruling, and our review is *de novo.* In addition, plaintiffs appeal the district court's denial of their request to depose Lazard Freres, an investment banking adviser to Diagnostek, and our review of this decision is for abuse of discretion. *See Cruden v. Bank of New York,* 957 F.2d 961, 972 (2d Cir.1992). Although we affirm on the thorough opinion below, we summarize here the major issues on appeal.

The parties do not dispute the controlling law. Sections 77k and 77l of the federal securities laws impose liability on certain defendants for material false statements or omissions made in the context of registration statements and prospectuses, respectively, involving the sale of securities. Under either section, plaintiff must show that a material misstatement or omission exists in the relative document but need not show that defendant acted or failed to act "with scienter, *i.e.,* with intent to deceive, manipulate or defraud." *Herman & MacLean v. Huddleston,* 459 U.S. 375, 382, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983); *see also Wilson v. Saintine Exploration and Drilling Corp.,* 872 F.2d 1124, 1126 (2d Cir.1989). Section 78j(b) imposes liability on a broader sweep of defendants for their use of "any manipulative or deceptive device or contrivance ... in connection with the purchase or sale of any [registered] security." 15 U.S.C. § 78j(b).

Under Section 78j(b), plaintiff must show that defendants made misstatements or omissions of material fact with scienter. *In re Int'l Bus. Mach. Corp. Sec. Litig.,* 163 F.3d 102, 106 (2d Cir.1998) ("*IBM*"). Plaintiff may show scienter with evidence either of defendant's motive and opportunity to commit fraud or facts constituting strong circumstantial evidence of conscious misbehavior or recklessness. *In re Carter–Wallace Inc. Sec. Litig.,* 220 F.3d 36, 39 (2d Cir.2000). "A statement is material only if there is a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." *IBM,* 163 F.3d at 106–07 (quotation marks and citations omitted).

■ We need not discuss whether plaintiffs raised an issue of fact regarding scienter and thus need not distinguish between plaintiffs' claims under Section 78j(b) and Sections 77k and 77l because we find that plaintiffs failed to raise an issue of fact tending to show that defendants made any misstatements or omissions of material facts. Plaintiffs first contend that the June 27, 1995, prospectus was materially misleading because the Value Health Board of Directors stated that the merger was in the "best interests" of Value Health even though the board did not have access to key information about Diagnostek's business. We disagree. The prospectus itself details not only the considerations supporting the board's conclusions but also reveals that independent financial advisers reviewed the proposed merger. Moreover, the information that plaintiffs claim was lacking was not material. While the companies, which were still competitors, did not share bid pricing information on particular contracts, they did disclose overall process and product information. Similarly, Value Health had access to core busi-

ness and quarterly information even though it did not have certain information broken down by individual contracts or months.

■ Plaintiffs argue second that the June 27, 1995, prospectus featured a materially misleading risk disclosure warning that the companies' contracts could lose money "in the future" and concealing the fact that the companies already had losing contracts in their portfolios. The evidence shows, however, that although certain contracts were losing money at the time of the prospectus, profitable contracts more than offset the gains, so there was no overall "material adverse effect on the results of operations or financial condition of Value Health or Diagnostek." Earnings statements issued for the quarters ended June 30, 1995, for both companies show increased earnings for the quarter in which the prospectus issued, belying any claim that particular losing contacts at that time had a material adverse effect on the companies.

■ Plaintiffs next argue that Value Health's 1994 Annual Report, which was released on April 3, 1995, and the prospectus materially misstated the profitability of a key Value Health contract known as the Ford Contract. Plaintiffs rely on a variety of projections, but there is no dispute that at the time of the statements, Value Health anticipated that the Ford contract would be profitable for the year based on the company's plans to implement various cost-saving strategies. Company officials need not disclose every internal profitability projection as long as it reveals "those material facts reasonably available to them," *Novak v. Kasaks*, 216 F.3d 300, 309 (2d Cir.2000), and plaintiffs failed to show that defendants did not believe that they could offset forecasted losses with a savings program outlined in the same forecast. Moreover, defendants are not liable

for securities fraud because the projection and forecast upon which they relied turned out to be inaccurate, and "corporate officials need not present an overly gloomy or cautious picture of current performance and future prospects." *Id.*

■ Fourth, plaintiffs contend that a June 5, 1995, press release and the prospectus contained material misstatements and omissions regarding the magnitude of expected losses on a Diagnostek contract known as the New Jersey Contract. Again, the undisputed evidence shows that at the time of the statements, defendants relied on an independent audit showing a projected loss of $9.6 million over the life of the contract, which defendants disclosed. The documents upon which plaintiffs rely to show a greater loss predate the audit.

■ Finally, plaintiffs complain about alleged misrepresentations in the same June 5, 1995, press release in which the Value Health chairman said that his board had made a "full review" of the merger proposal and Diagnostek's chairman said that Diagnostek was a "thriving business." For the reasons already stated, Value Health's statements regarding a full review were not materially misleading. In addition, Diagnostek's statement in its context was that Diagnostek's "core integrated pharmacy service revenues grew by 65 percent in the just reported fiscal year, so this is a thriving business." Plaintiffs do not contend that the 65 percent growth figure was inaccurate, even though Diagnostek suffered losses on the New Jersey Contract. The description of Diagnostek as "thriving" was not materially misleading and was at worst non-actionable puffery. *See Novak*, 216 F.3d at 315.

■ Plaintiffs also argue on appeal that the district court erred in denying a discovery request to depose Lazard Freres,

an investment banking adviser to Diagnostek, in order to lay foundation for handwritten notes taken on May 22, 1995, regarding the profitability of the New Jersey Contract. As noted above, however, the notes have no probative value. Therefore, plaintiffs suffered no prejudice from the denial of discovery, and we reject their contentions on appeal.

We have considered all of plaintiffs-appellants' remaining arguments and find them to be without merit.