City of Warwick Mun. Empls. Pension Fund v Restaurant Brands Intl. Inc. (2022 NY Slip Op 06315)

City of Warwick Mun. Empls. Pension Fund v Restaurant Brands Intl. Inc.

2022 NY Slip Op 06315

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Index No. 655686/20 Appeal No. 16341 Case No. 2022-02336 

[*1]City of Warwick Municipal Employees Pension Fund, Plaintiff-Respondent,
v
Restaurant Brands International Inc., et al., Defendants-Appellants.

Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Audra J. Soloway of counsel), for appellants.
Labaton Sucharow LLP, New York (Alfred L. Fatale III of counsel), for respondent.

Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered May 2, 2022, which denied defendants' motion to dismiss the amended complaint alleging violations of sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (15 USC §§ 77k; 77l[a][2]; 77o), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint. Plaintiff, a shareholder of defendant Restaurant Brands International, Inc. (RBI), commenced this putative securities class action for violations of sections 11, 12(a)(2), and 15 of the Securities Act of 1933. RBI is the sole general partner of Restaurant Brands International Limited Partnership, which is the parent of the companies that own and operate the chains Tim Hortons, Burger King and Popeyes. The other defendants are RBI executives and board members, RBI shareholders 3G Capital Partners, Ltd. and 3G Restaurant Brands Holdings LP, and the underwriter Morgan Stanley & Co. LLC.
In its complaint, plaintiff alleges that it was induced to purchase RBI stock in 2019 secondary offerings based on an RBI registration statement that contained materially false or misleading statements.
The RBI registration statement, which incorporates by reference an earlier filed 10-K, includes the following statements:
"We believe we have created a financially strong company built upon a foundation of three thriving, independent brands with significant global growth potential."
"New product development is a key driver of the long-term success of our brands. We believe the development of new products can drive traffic by expanding our customer base."
"We face intense competition in our markets, which could negatively impact our
business. . . Our ability to compete will depend on the success of our plans to
improve existing products, to develop and roll-out new products, [and] to
effectively respond to consumer preferences."
Plaintiff's theory of the case centers on two long-term growth initiatives for Tim Hortons: the "Winning Together" plan and the loyalty program "Tims Rewards." The initiatives were not disclosed in the registration statement or the 10-K, but they were disclosed in other public communications. Plaintiff maintains that the registration statement became misleading by omission because RBI failed to disclose that Tim Hortons' sales had not grown and were negatively impacted by the two initiatives, as evidenced by RBI's announcement of a 1.4% decline in Tim Hortons' "same-store sales" for its third quarter as compared to the same quarter the previous year.
Contrary to Supreme Court's conclusion, the statements were nonactionable immaterial puffery and/or nonactionable opinion (see Matter of Sundial Growers, Inc. Sec. Litig., 191 AD3d 543, 544 [1st Dept 2021] [statements that the defendant produced "high quality" and "premium" cannabis were nonactionable puffery or nonactionable opinion]; Freedman v Value Health, Inc., 34 Fed Appx 408, [*2]411 [2d Cir 2002] [description of a business as "thriving" was "at worst non-actionable puffery"]; In re Nevsun Resources Ltd., 2013 WL 6017402, *9-10, 2013 US Dist LEXIS 162048, *24-26 [SD NY Sept. 27, 2013, No. 12-Civ-1845] [description of a business as "well positioned" for "growth" was puffery]).
The statements did not become misleading by omission as a result of a failure to disclose a slight decline in "same-store sales" for a single quarter's sales for one of RPI's three brands (see Sundial Growers, 191 AD3d at 543 [offering materials adequately stated potential risks and were not rendered misleading for failing to mention a product returns constituting 10% of the defendant's sales for a single quarter]; Jianming Lyu v Ruhnn Holdings Ltd., 189 AD3d 441, 441 [1st Dept 2020], lv denied 36 NY3d 912 [2021] [omission of data from the period immediately preceding the issuance of the final prospectus showing that there had already been a reduction in the full service segment of the company was not misleading]; Stadnick v Vivint Solar, Inc., 861 F3d 31, 38-39 [2d Cir 2017] [omission relating to income and earnings per share for a third quarter was not misleading]).
Unlike Erie County Employees' Retirement Sys. v NN, Inc. (205 AD3d 644, 645 [1st Dept 2022]), where the defendant failed to disclose an existing "sharp decline" of its mobile solutions business in China, here early real time data concerning Tim Hortons' decline in sales did not constitute knowledge of a precipitous loss of a major revenue stream requiring disclosure.
The complaint also fails to state a cause of action for violations of Items 105 and 303 of SEC Regulation S-K. A limited number of months of sales data does not constitute a known material trend that existed at the time of the offerings, and RBI's risk disclosures foreclose any claimed violation of Items 105 and 303 (see e.g. Kohl v Loma Negra Cia. Indus. Argentina S.A., 195 AD3d 414, 417 [1st Dept 2021]). Absent a violation of sections 11 or 12, the claims against the individuals (under section 15) must also be dismissed (see Lyu, 189 AD3d at 442).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022