Matter of 9F Inc. Sec. Litig. (2025 NY Slip Op 00482)

Matter of 9F Inc. Sec. Litig.

2025 NY Slip Op 00482

Decided on January 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 30, 2025

Before: Kern, J.P., Singh, Kennedy, Rodriguez, Michael, JJ. 

Index No. 654654/20 Appeal No. 3602 Case No. 2024-02590 

[*1]In the Matter of 9F Inc. Securities Litigation Handy Ho et al., Plaintiffs-Appellants, 9F Inc., et al., Defendants-Respondents.

Robbins Geller Rudman & Dowd LLP, Melville (Joseph Russello of counsel), for appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Michael C. Griffin of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered March 14, 2024, which granted defendants' motion to dismiss the second amended complaint, unanimously affirmed, with costs.
Plaintiffs failed to state a cause of action for violation of section 11 of the Securities Act of 1933 (15 USC 77[k]). Plaintiffs take issue with the portion of a registration statement in which defendant 9F Inc. stated, "We earn a substantial majority of our revenues from the service fees that we collect from our borrowers and investors for our loan facilitation services and post-origination services." Plaintiffs allege that in fact, nonparty PICC Property and Casualty Company Limited, a loan insurer, was making all collections for 9F. Thus, plaintiffs maintain, there was a material risk, especially in light of the spike in accounts receivable in the second quarter of 2019, that PICC would not pass on these monies, seriously injuring 9F. Plaintiffs argue that the registration statement affirmatively misrepresents the facts concerning this risk because the "we collect" statement can be reasonably interpreted as a representation that 9F collected allits service fees directly and that no other entity, such as PICC, collected fees on 9F's behalf.
We reject this argument. All provisions of the registration statement must be read as a whole. The "we collect" disclosure does not appear in a passage about the way in which 9F receives or processes payments. The phrase is referenced in a risk disclosure about the potential effect of a decline in fee rates on the business. Notably, among the risks enumerated and described, risks viii and ix expressly discuss risks relating to 9F's "collection methods." Moreover, read in the context of the surrounding passages and the structure of the registration statement, the language would not be understood by a "reasonable investor" to be a description or statement of the mechanics of collection (see McMahan & Co. v Wherehouse Ent., Inc., 900 F2d 576, 579 [2d Cir 1990]). Although the cooperation agreement with PICC is not described in detail, the fact that third parties were collecting fees and that might violate their agreements was, in fact, a disclosed risk. Defendants' failure to disclose the cooperation agreement and failure to specifically name PICC in the risk disclosure does not make the disclosure misleading (see Matter of NIO Inc. Sec. Litig., 211 AD3d 464, 466 [1st Dept 2022]).
Moreover, we reject plaintiffs' contention that defendants misled investors when they stated in the registration statement that 9F Inc. stopped charging service fees to borrowers in April 2019, but still charged financial institutions. Similar to the "we collect" statement, this disclosure, when read in context, is not misleading.
The registration statement was not required under Item 303 (17 CFR § 229.303) or Item 105 (17 CFR §229.303) of Regulation S-K to disclose the "trend" in increased receivables or a material risk concerning that trend[*2]. The risk of which plaintiffs complain is that PICC was collecting fees for 9F and would ultimately not release the fees to 9F. However, as of the date of the registration statement, there were only a few months of data showing a major increase in accounts receivable (see City of Warwick Mun. Empls. Pension Fund v Restaurant Brands Intl. Inc., 210 AD3d 461, 463 [1st Dept 2022], lv denied 29 NY3d 909 [2023]). This limited data was insufficient to establish a trend which would trigger defendants' reporting obligations (id.). Nor was there any evidence that at the time of the registration statement, 9F knew that PICC would later repudiate its obligation to turn over the funds (see Kohl v Loma Negra Cia. Indus. Arg. S.A., 195 AD3d 414, 417 [1st Dept 2021]).
Given plaintiffs' failure to state a cause of action for the underlying violation, the control persons or underwriters are also not liable for violation of the Securities Act.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 30, 2025