Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about May 15, 2013, which, insofar as appealed from, denied the motion of defendant Helix BioPharma Corp. to dismiss plaintiffs claims against it pursuant to CPLR 3211, unanimously modified, on the law, to dismiss the breach of contract claim, and otherwise affirmed, without costs.
*527 The alleged contract is challenged by defendant under both CPLR 3211 (a) (7), for failure to state a cause of action, and (a) (5), as barred by the statute of frauds. Initially, we reject defendant’s challenges under CPLR 3211 (a) (7). When we accept as true the facts as alleged in the complaint, and afford plaintiffs the benefit of every possible favorable inference, as we must on a motion pursuant to CPLR 3211 (a) (7) (Leon v Martinez, 84 NY2d 83, 87 [1994]), the allegations of the complaint are sufficient to state the formation of a contract, and its breach. Its allegation that Robert George was acting as Helix’s agent when he agreed that Helix would pay plaintiff “according to industry standards” for its work on behalf of Helix suffices, at this juncture, to claim that George acted with Helix’s authority to enter into the contract on behalf of Helix. Helix’s subsequent contract with George, post-dating the events at issue here, fails to conclusively demonstrate that George lacked authority to act on Helix’s behalf at the relevant time.
We also reject defendant’s challenge to the sufficiency of the payment arrangement as alleged, namely, the allegation that Helix agreed to pay plaintiff “according to industry standards” for its work. “Before rejecting an agreement as indefinite, a court must be satisfied that the agreement cannot be rendered reasonably certain by reference to an extrinsic standard that makes its meaning clear (1 Williston, Contracts § 47, at 153-156 [3d ed 1957])” (Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 483 [1989], cert denied 498 US 816 [1990]). For example, in Taussig v Clipper Group, L.P. (16 AD3d 224 [1st Dept 2005]), this Court held that the claimed agreement should not be dismissed as indefinite, “since its missing terms were determinable by reference to clear objective standards, including those catalogued in the deposition testimony of defendant’s president” {id. at 225). While plaintiff, to succeed with such a contract claim, would have to provide evidentiary materials establishing the existence and exact nature of the claimed “industry standards,” it would be inappropriate in the context of this CPLR 3211 motion to dismiss the contract claim based on the indefiniteness of the allegation that defendant agreed to pay according to industry standards.
The complaint, as supplemented by the affidavit plaintiff submitted in opposition to Helix’s motion (see e.g. Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]), similarly contains sufficient allegations to state a cause of action for quantum meruit (see Soumayah v Minnelli, 41 AD3d 390, 391 [1st Dept 2007]).
Even though the allegations are sufficient to avoid dismissal *528 of plaintiffs breach of contract claim under CPLR 3211 (a) (7), the contract as alleged fails to satisfy the applicable statute of frauds provision, and defendant has established a right to dismissal of the breach of contract claim under CPLR 3211 (a) (5). Although General Obligations Law § 5-701 (a) (1) is unavailing, because it was possible that the contemplated services could be fully performed within one year, we conclude that Helix may raise General Obligations Law § 5-701 (a) (10) for the first time on appeal, since it “raises a legal argument which appeared upon the face of the record and which could not have been avoided” if raised initially (Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009] [internal quotation marks omitted]; see e.g. Facie Libre Assoc. I, LLC v SecondMarket Holdings, Inc., 103 AD3d 565 [1st Dept 2013], lv denied 21 NY3d 866 [2013]).
On the merits, plaintiffs breach of contract claim is barred by General Obligations Law § 5-701 (a) (10), although the statute does not bar plaintiffs quantum meruit claim (see Morris Cohon & Co. v Russell, 23 NY2d 569 [1969]; Davis & Mamber v Adrienne Vittadini, Inc., 212 AD2d 424 [1st Dept 1995]). In Davis & Mamber, this Court held that for a writing evidencing a contract “[t]o satisfy the Statute of Frauds ... a memorandum must contain expressly or by reasonable implication all the material terms of the agreement, including the rate of compensation if there has been agreement on that matter” (212 AD2d at 425 [emphasis added and internal quotation marks omitted]). Applying this rule, Davis & Mamber precluded a contract claim for failure to satisfy the applicable provision of the statute of frauds, because the relied-on writings lacked any reference to the agreed-on compensation; however, it permitted a quantum meruit claim, because the rule for a writing establishing quantum meruit claims is less exacting, requiring only that the writing “evidenced the fact of plaintiffs employment [by defendant] to render the alleged services” (id. at 426, citing Cohon & Co., 23 NY2d at 575-576). Here, as in Davis & Mamber, the emails of Dr. Donald Segal (Helix’s chairman and CEO) fail to make any reference to payment terms, and accordingly fail to satisfy the statute of frauds as to the contract claim {id.). However, they suffice to show that Helix employed plaintiff, and are therefore enough to satisfy the statute for purposes of plaintiffs quantum meruit claim.
Concur — Acosta, J.E, Andrias, Saxe, Freedman and Feinman, JJ.