Donlon v NIO Inc. (2022 NY Slip Op 06993)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Donlon v NIO Inc.

2022 NY Slip Op 06993

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022
Before: Kern, J.P., Gesmer, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 653422/19 Appeal No. 16856-16857-16858 Case No. 2021-04183 2021-04184 2021-04552 

[*1]In the Matter of Nio Inc. Securities Litigation
Michael Donlon et al., Plaintiffs-Appellants,
vNIO Inc., et al., Defendants-Respondents, Bin Li et al., Defendants.

Robbins Geller Rudman & Dowd LLP, Melville (Michael G. Capeci of counsel), for appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Robert A. Fumerton of counsel), for  NIO Inc., Padmasree Warrior, Donald J. Puglisi, Puglisi & Associates, Bin Li and Lihong Qin, respondents.
Milbank LLP, New York (Jed Schwartz of counsel), for Morgan Stanley & Co. LLC, Goldman Sachs (Asia) L.L.C., J.P. Morgan, Securities LLC, Merrill Lynch, Pierce,Fenner & Smith Incorporated, Deutsche Bank Securities Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, UBS Securities LLC and WR Securities, LLC, respondents.

Judgment, Supreme Court, New York County (Barry R. Ostrager, J.), entered December 2, 2021, dismissing the amended complaint with prejudice, unanimously affirmed, with costs. Appeal from orders, same court and Justice, entered on or about October 4, 2021, which granted defendants' motion to dismiss the amended complaint without prejudice to amendment, and entered November 5, 2021, which dismissed the amended complaint with prejudice, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The Securities Act of 1933 "impose[s] liability on certain participants in a registered securities offering when the publicly filed documents used during the offering contain material misstatements or omissions" (In re Morgan Stanley Info. Fund Sec. Litig., 592 F3d 347, 358 [2d Cir 2010]). Section 11 of the Act applies to registration statements, while section 12(a)(2) applies to prospectuses and oral communications (id.; see also 15 USC § 77k[a], 77l[a][2]).
To plead a claim under the Securities Act, plaintiffs were required to allege facts showing that (1) there were quality or design problems with defendant NIO Inc.'s first electric vehicle, the ES8, at the time of the IPO, and (2) defendants' representations, "taken together and in context, would have misled a reasonable investor" (Morgan Stanley, 592 F3d at 360). Plaintiffs failed to allege either element.
First, plaintiffs have not alleged facts showing that there were problems or design challenges with the ES8 at the time of the September 2018 IPO. While plaintiffs alleged that several meetings took place in 2017 and early 2018 regarding "door sealing closing problems, water leaks, gas struts, aluminum castings, power train systems, and electrical system defects," they did not allege that any of those issues were unresolved by September 2018. Further, while plaintiffs contend that NIO's CEO (defendant Bin Li) admitted on an analyst call in March 2019 that NIO had been experiencing "serious challenges" with manufacturing the ES8 for the past six months, Li's actual statements do not support that assertion. Li was simply explaining the everyday minutiae involved with launching the ES8, not that there were serious issues with the ES8 that would have been material to a reasonable investor in September 2018.
Even if plaintiffs had adequately alleged that there were quality or design problems existing at the time of the IPO, NIO made specific robust disclosures, particularly those with respect to the possibility of battery fires and product recalls, whichpreclude plaintiffs' claims as a matter of law (see Halperin v eBanker USA.com, Inc., 295 F3d 352, 360-361 [2d Cir 2002]).
The court also correctly dismissed plaintiffs' claims regarding NIO's alleged misrepresentations regarding the Chinese government subsidies.The prospectus expressly disclosed that the subsidies would be phased out, warned that that reduction "may result in the diminished competitiveness" of NIO's electric [*2]vehicles, and that it "could materially and adversely affect our business, results of operations, financial condition and prospects." Still, plaintiffs insist that those risk warnings were materially false and misleading because they left reasonable investors with the impression that the subsidy reduction would only have the potentialto adversely affect NIO's business. There was nothing misleading about the disclosure, however, given that it was still only a potential result at the time of the IPO in September 2018, months before the subsidy reduction actually began (see Labourers' Pension Fund of Cent. & E. Can. v CVS Health Corp., 192 AD3d 424, 424 [1st Dept 2021]).
Plaintiffs also contend that NIO failed to disclose that certain customers were going to front-load their purchases before the subsidies were reduced. This claim fails for multiple reasons, but most fundamentally because plaintiffs do not allege that NIO was even aware of the front-loading at the time of the IPO, and NIO could not have disclosed what it did not know. Regardless, "when defendants warn investors of a potential risk, they need not predict the precise manner in which the risks will manifest" (Kohl v Loma Negra Cia. Indus. Argentina S.A., 195 AD3d 414, 416 [1st Dept 2021]).
The court also properly dismissed plaintiffs' claims for control person liability under section 15 of the Securities Act, which imposes liability for individuals who control an entity that violates section 11 or 12(a)(2) (15 USC § 77o[a]). Because plaintiffs have failed to allege a primary violation of either section 11 or 12(a)(2), there can be no derivative control person liability (see Jianming Lyu v Ruhnn Holdings Ltd., 189 AD3d 441, 442 [1st Dept 2020], lv denied 36 NY3d 912 [2021]).
We have considered plaintiffs' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022