## Glenmede Trust Co., N.A. v Infinity Q Capital Mgt. LLC

2024 NY Slip Op 30933(U)

March 20, 2024

Supreme Court, New York County

Docket Number: Index No. 160830/2022

Judge: Melissa A. Crane

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MELISSA A. CRANE**         PART         **60M**

*Justice*

---------------------------------------------------------------X

THE GLENMEDE TRUST COMPANY, N.A.,

                Plaintiff,

        - v -

INFINITY Q CAPITAL MANAGEMENT LLC, JAMES
VELISSARIS, LEONARD POTTER, SCOTT LINDELL,
BONDERMAN FAMILY LIMITED PARTNERSHIP, LP,
INFINITY Q MANAGEMENT EQUITY LLC, TRUST FOR
ADVISED PORTFOLIOS, U.S. BANCORP FUND
SERVICES, LLC, EISNERAMPER LLP, QUASAR
DISTRIBUTORS, LLC, JOHN C. CHRYSTAL, ALBERT J.
DIULIO, CHRISTOPHER E. KASHMERICK, HARRY E.
RESIS, RUSSELL B. SIMON, STEVEN J. JENSEN,

                Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160830/2022 |
| MOTION DATE | 11/15/2023 |
| MOTION SEQ. NO. | 011 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 011) 132, 133, 134, 135, 136, 150, 155, 160, 182, 183, 184

were read on this motion to/for        **DISMISSAL**        .

Defendants Leonard Potter ("Potter") and Bonderman Family Limited Partnership, LP ("BFLP") have moved to dismiss Plaintiff The Glenmede Trust Company, N.A.'s ("Plaintiff") amended complaint pursuant to CPLR 3211(a)(7). The amended complaint alleges a claim against Potter for violation of section 11 of the Securities Act of 1933 and alleges claims against both Potter and BFLP for violation of section 15 of the Securities Act of 1933. During oral argument, the court dismissed the section 11 claim against Potter (*see* November 15, 2023 Transcript, p. 89; November 16, 2023 Transcript, pp. 112-113). For the following reasons, the court dismisses the section 15 claims against Potter and BFLP as well.

## FACTUAL AND PROCEDURAL BACKGROUND

**160830/2022 THE GLENMEDE TRUST COMPANY, N.A. vs. INFINITY Q CAPITAL MANAGEMENT LLC ET AL**
**Motion No. 011**

Page 1 of 7

1 of 7

[* 1]

The court refers to its decisions on the other defendants' motions to dismiss for a complete recitation of the factual background of this matter (*see* December 21, 2023 Decision and Order, NYSCEF Doc. No. 199; January 31, 2024 Decision and Order, NYSCEF Doc. No. 203; February 26, 2024 Decision and Order, NYSCEF Doc. No. 205; March 13, 2024 Decision and Order, NYSCEF Doc. No. 208). However, the court provides brief factual background applicable to Potter and BFLP.

The amended complaint alleges that Potter, along with James Velissaris ("Velissaris"), Scott Lindell ("Lindell"), and non-party David Bonderman ("Bonderman") created Infinity Q Capital Management LLC ("Infinity Q Mgmt.") in 2014, to act as an investment advisor both to Infinity Q Diversified Alpha Fund ("Mutual Fund") and a private hedge fund ("Hedge Fund") (Amended Complaint, NYSCEF Doc. No. 101, ¶ 4). Potter was the chairman of Infinity Q Mgmt. (*id.*, ¶ 29). BFLP, the family office of Bonderman, allegedly "has an ownership interest in Infinity Q that is greater than 25% and is a control person of Infinity Q" (*id.*, ¶ 31).

US Bank carried out "regulatory and compliance functions" related to the Mutual Fund for Infinity Q Mgmt. (*id.*, ¶ 62). In particular, US Bank has established multiple series trusts to allow investment management firms to house their mutual fund products (*id.*, ¶ 64). Defendant Trust for Advised Portfolios ("Trust") is one such multiple series trust (*id.*, ¶ 67). Defendants established the Mutual Fund under the umbrella of the Trust (*id.*, ¶ 69). Subsequently, the Trust offered shares in the Mutual Fund to investors pursuant to a December 20, 2019 Post-Effective Amendment to its Registration Statement (*id.*, ¶ 142; December 2019 Registration Statement, NYSCEF Doc. No. 127).

According to the December 2019 Registration Statement, Infinity Q Mgmt. was the Mutual Fund's investment adviser, and Potter was the Chief Executive Officer of Infinity Q Mgmt.

160830/2022   THE GLENMEDE TRUST COMPANY, N.A. vs. INFINITY Q CAPITAL MANAGEMENT LLC ET AL
Motion No. 011

Page 2 of 7

(December 2019 Registration Statement, p. 24). Potter, along with Velissaris and Lindell, were "the portfolio managers principally responsible for the day-to-day management of the Fund's portfolio" (*id.*, p. 78). While Potter signed the December 2019 Registration Statement, he signed as a director of non-party Infinity Q Commodity Fund, Ltd., **not** Infinity Q Mgmt. (*id.*, p. 119). Further, the December 2019 Registration Statement's signature page indicates that Potter signed "with respect only to information that specifically relates to Infinity Q Commodity Fund, Ltd." (*id.*, p. 119).

Rather than purchase traditional stocks and bonds, Infinity Q Mgmt. invested in "variance swaps,"[1] that generated returns that "did not depend on what direction the market moved, but rather on how much the market moved (i.e., how volatile the market was)" (Amended Complaint, ¶ 5). However, because these "esoteric derivative securities" lacked a public market price, Infinity Q Mgmt. utilized Bloomberg's valuation software, BVAL, to value the variance swaps and calculate the Mutual Fund's net asset value ("NAV") daily (*id.*, ¶¶ 5-7, 131). The precipitating cause of extensive litigation related to Infinity Q Mgmt. is that Velissaris, for many years, artificially inflated the Mutual Fund's value by hundreds of millions of dollars (*id.*, ¶¶ 9-11). This resulted in an SEC investigation and the subsequent collapse of the Mutual Fund (id., ¶¶ 11-13).

The focal point of the case against Potter, BFLP, and the other defendants is that the December 2019 Registration Statement "contained false statements of material fact and/or omitted material facts that were required to be disclosed or necessary to make the statements therein not misleading" (*id.*, ¶ 270). The amended complaint alleges that Potter is liable under section 11 of the Securities Act of 1933 because he signed the December 2019 Registration Statement and

---

[1] According to the amended complaint, variance swaps allow buyers to "bet on the volatility of an underlying asset, security, index, or currency exchange" (*see* Amended Complaint, ¶ 116). For each variance swap, the parties determine a "strike price" (*id.*, ¶ 118). If volatility "exceeds the strike price, the buyer of the swap . . . receives the payment," but if volatility "is below the strike price, the seller of the swap . . . receives the payment" (*id.*).

**160830/2022 THE GLENMEDE TRUST COMPANY, N.A. vs. INFINITY Q CAPITAL MANAGEMENT LLC ET AL**
**Motion No. 011**

**Page 3 of 7**

[* 3]

3 of 7

"consented to having been named as the person[] who prepared or certified parts of the December 2019 [Registration Statement]" (*id.*, ¶¶ 272, 274). The amended complaint also alleges that both Potter and BFLP are liable under section 15 of the Securities Act of 1933 under a control person liability theory because they were "control persons of Infinity Q, the Mutual Fund, and/or [the Trust] by virtue of their management positions with and/or ownership of Infinity Q [Mgmt.]" (*id.*, ¶ 295).

During oral argument, Defendants asserted that Potter could not be held liable under section 11 because he signed on behalf of non-party Infinity Q Commodity Fund, Ltd., and that there were "really no allegations that any statements related to the commodity fund were inaccurate" (November 15, 2023 Transcript, pp. 79-80). The court agreed and dismissed the section 11 claim against Potter (*see id.*, p. 89 ("I am dismissing any allegations related to Mr. Potter signing the registration statement, because he only signed it for the commodity fund"). For the following reasons, the court also dismisses the section 15 claims against both Potter and BFLP.

## DISCUSSION

On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see also Chapman, Spira & Carson, LLC v Helix BioPharma Corp.*, 115 AD3d 526, 527 [1st Dept 2014]).

While the defendants only seek dismissal pursuant to CPLR 3211(a)(7) for failure to state a cause of action (Opening Memo., NYSCEF Doc. No. 133, p. 1), dismissal may be appropriate based on documentary evidence where the documentary evidence "flatly reject[s]" the plaintiff's cause of action (*see Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc.*, 115 AD3d

**160830/2022   THE GLENMEDE TRUST COMPANY, N.A. vs. INFINITY Q CAPITAL MANAGEMENT**                    **Page 4 of 7**
**LLC ET AL**
**Motion No.  011**

[* 4]

4 of 7

128, 134-135 [1st Dept 2014]). When a defendant submits documentary evidence, the standard shifts from "whether the plaintiff stated a cause of action to whether it has one" (*id.* at 135 [internal citations and quotation marks omitted]; *Kaplan v Conway & Conway*, 173 AD3d 452, 453 [1st Dept 2019] [finding that the motion court "properly considered the emails submitted by defendants in dismissing the complaint"]). Therefore, the court will consider the documentary evidence that Potter and BFLP have submitted (*see* Exs. 1 and 2 to Hershon Aff., NYSCEF Doc. Nos. 135-136).

The court dismisses the section 15 claims against both Potter and BFLP. Section 15 provides that "[e]very person who, by or through stock ownership, agency, or otherwise . . . controls any person liable under sections [11] or [12] of [the Securities Act], shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable" (15 USCA § 77o; *Matter of NIO Inc. Securities Litigation*, 211 AD3d 464, 466 [1st Dept 2022]; *Erie County Employees' Retirement System v NN, Inc.*, 205 AD3d 644, 646 [1st Dept 2022]). To state a claim for a section 15 violation, a plaintiff must allege "(a) a primary violation by a controlled person, and (b) control by the defendant of the primary violator" (*In re Global Crossing. Ltd. Securities Litig.*, 2005 WL 1907005, *11 [SDNY Aug 8, 2005]; *Erie County Employees' Retirement System*, 205 AD3d at 646). In order to allege control, a plaintiff must allege the "power to direct or cause the direction of the management and policies of [the primary violators], whether through the ownership of voting securities, by contract, or otherwise" (*City of Omaha Police and Fire Retirement System v Evoqua Water Technologies Corp.*, 450 F Supp 3d 379, 427 [SDNY 2020]).

The amended complaint alleges that both Potter and BFLP were "control persons of Infinity Q, the Mutual Fund, and/or TAP by virtue of their management positions with and/or ownership of Infinity Q [Mgmt.]" (Amended Complaint, ¶ 295). However, neither can be held liable as

**160830/2022   THE GLENMEDE TRUST COMPANY, N.A. vs. INFINITY Q CAPITAL MANAGEMENT**          **Page 5 of 7**
**LLC ET AL**
**Motion No.  011**

5 of 7

[* 5]

control persons of either Infinity Q Mgmt. or the Mutual Fund because there are no remaining underlying section 11 or 12(a)(2) claims against either Infinity Q Mgmt. or the Mutual Fund. A section 15 claim is "dependent on the existence of an underlying Securities Act claim" (*Feinberg v Marathon Patent Group Inc.*, 193 AD3d 568, 571 [1st Dept 2021] [finding lower court properly dismissed section 15 claim after dismissing underlying section 11 and 12(a)(2) claims]; *Matter of NIO Inc. Securities Litigation*, 211 AD3d 464, 466 [1st Dept 2022] [holding that lower court properly dismissed control person liability claims under section 15 because plaintiffs failed to allege a primary violation under sections 11 or 12(a)(2)]). The amended complaint never claimed an underlying section 11 or 12(a)(2) violation by the Mutual Fund, and the court dismissed any section 11 or 12(a)(2) claim against Infinity Q Mgmt. in the decision and order on Infinity Q Mgmt.'s motion to dismiss (*see* February 26, 2024 Decision and Order, NYSCEF Doc. No. 205).

Nor does Plaintiff allege sufficiently control person liability over the Trust. Plaintiff has waived any argument of control person liability over the Trust by failing to raise it in its opposition (*see Bosco Credit V Trust Series 2012-1 v Johnson*, 177 AD3d 561, 562 [1st Dept 2019] [finding that defendants waived an argument by "failing to raise it in their opposition to plaintiff's motion for summary judgment, in their reply in further support of their cross motion and opposition to plaintiff's motion, or during oral argument on the motions"]; *Steffan v Wilensky*, 150 AD3d 419, 420 [1st Dept 2017] [finding that "[b]y his silence in his opposition brief, defendant concedes . . . that the second, third, and sixth affirmative defenses should be dismissed"]).

In any event, the amended complaint fails to support claims against Potter or BFLP of control person liability over the Trust. Neither Potter nor BFLP had any alleged role with the Trust. Rather, the amended complaint alleges that Potter was the "Chairman of **Infinity Q [Mgmt.]**" and "President and CIO of **Wildcat Capital Management**" (Amended Complaint, ¶ 29 [emphasis

**160830/2022   THE GLENMEDE TRUST COMPANY, N.A. vs. INFINITY Q CAPITAL MANAGEMENT**          **Page 6 of 7**
LLC ET AL
Motion No. 011

[* 6]                                                                                   6 of 7

added]). The amended complaint alleges that BFLP "has an ownership interest in **Infinity Q** that is greater than 25% and is a control person of **Infinity Q**" (Amended Complaint, ¶ 31 [emphasis added]). Further, the December 2019 Registration Statement reflects that other individuals, **not** Potter or BFLP, managed the Trust. Christopher Kashmerick signed on behalf of the Trust as its President and Principal Executive Officer, Russell Simon signed as the Treasurer and Principal Financial Officer, and John Chrystal, Albert DiUlio, and Harry Resis signed as trustees (December 2019 Registration Statement, p. 118). Potter, on the contrary, signed on behalf of Infinity Q Commodity Fund, Ltd. (*id.*, p. 119). No one signed the December 2019 Registration Statement on behalf of BFLP.

To the extent the amended complaint alleges that Potter or BFLP controlled the Trust "by virtue of their management positions with and/or ownership of Infinity Q," Defendants correctly argue that such "tertiary" liability (i.e., holding Party A liable for its control over Party B, which in turn controlled the primary wrongdoer, Party C), absent actual control, is not a valid basis of control person liability under section 15 (*see Tarsavage v Citic Trust Co., Ltd.*, 3 F Supp 3d 137, 149-150 [SDNY 2014] [rejecting theory of "indirect liability" based on defendant's alleged control of individual who allegedly controlled the "primary violator"]).

The court has considered the parties' remaining contentions and finds them unavailing.

Accordingly, it is

**ORDERED** that the court grants the motion to dismiss (MS 11) of Defendants Leonard Potter and Bonderman Family Limited Partnership, LP in its entirety.

| | |
|---|---|
| 2o<br>03/  /2024<br>_____<br>DATE | _____<br>MELISSA A. CRANE, J.S.C. |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

160830/2022   THE GLENMEDE TRUST COMPANY, N.A. vs. INFINITY Q CAPITAL MANAGEMENT          Page 7 of 7
LLC ET AL
Motion No. 011

[* 7]                                                          7 of 7