Atalaya Special Purpose Inv. Fund II LP v Sustainable Opportunities Acquisition Corp. (2024 NY Slip Op 06116)

Atalaya Special Purpose Inv. Fund II LP v Sustainable Opportunities Acquisition Corp.

2024 NY Slip Op 06116

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Webber, J.P., Moulton, Mendez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 650449/23 Appeal No. 3184 Case No. 2024-00316 

[*1]Atalaya Special Purpose Investment Fund II LP, et al., Plaintiffs-Respondents,
v
Sustainable Opportunities Acquisition Corp. Now Known as TMC The Metals Company Inc., Defendant-Appellant.

Latham & Watkins LLP, New York (Samir Deger-Sen of counsel), for appellant.
Abraham, Fruchter & Twersky, LLP, New York (Jeffrey S. Abraham of counsel), for respondents.

Order, Supreme Court, New York County (Robert Reed, J.), entered December 14, 2023, which insofar as appealed from as limited by the briefs, denied defendant's motion to dismiss plaintiffs' breach of contract claim pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
Contrary to defendant's contention, plaintiffs' breach of contract claim is properly considered under New York law rather than federal securities law. Plaintiffs allege that defendant breached Section 6(e) of the subscription agreement, which provided representations regarding defendant's compliance with the Securities Act followed by "and none of the SEC Reports, when filed, contained any untrue statement of material fact or omitted to state a material fact required to be stated therein or necessary in order to make the statements therein, in the light of the circumstances under which they were made, not misleading." Since plaintiffs pleaded a breach of contract cause of action, not a claim under the Securities Act, the language in 6(e) provides inadequate basis for defendant to scrutinize plaintiffs' claim by relying on 12(a)(2) of the Securities Act (see Sasson v TLG Acquisition LLC, 127 AD3d 480, 481 [1st Dept 2015]; see also Liana Carrier Ltd. v Pure Biofuels Corp., 672 F Appx 85, 92 [2d Cir 2016]).
In any event, plaintiffs sufficiently pleaded a breach of contract cause of action under either New York or federal securities law. Under New York law, plaintiff may properly plead a breach of contract claim when defendant breached the representations and warranties provision in an agreement (see generally Deutsche Bank Natl. Trust Co. v Flagstar Capital Mkts. Corp., 143 AD3d 15 [1st Dept 2016], affd 32 NY3d 139 [2018]), and such claim is not subject to a heightened particularity standard in pleadings (see Miami Firefighters' Relief & Pension Fund v Icahn, 199 AD3d 524, 526 [1st Dept 2021]).
Here, plaintiffs pleaded that defendant breached the warranty under Section 6(e) by omitting material facts in its SEC filings regarding the financial situation of its largest investor, Ramas Energy Opportunities I, L.P., from which it can be inferred that defendant was aware of Ramas's inability to pay when it stated that its private investment in public equity (PIPE) offering was "[f]ully committed, upsized PIPE of $330 [million] to support the transaction." It does not avail defendant to assert that its statements were simply predictive since plaintiffs clearly alleged that Ramas's inability to pay existed contemporaneously with defendant's SEC filings, and, thus, defendant had reason to know that its SEC filings were materially false and misleading (see Matter of Netshoes Sec. Litig. v XXX, 68 Misc 3d 788, 800 [Sup Ct, NY County 2020]; compare Matter of NIO Inc. Sec. Litig., 211 AD3d 464, 465-466 [1st Dept 2022] [the plaintiffs' failure to allege omission of facts exists at the time SEC filings were made warrants dismissal of Securities Act claim]).
Even applying the [*2]standard of Section 12(a)(2) of the Securities Act, plaintiffs' claim was sufficiently pleaded. Plaintiffs alleged in the complaint that while defendant warranted in the subscription agreement that none of its SEC Reports contained any untrue statement of material fact or omission, it omitted facts, including a default judgment against a Ramas-related entity and the principal of Ramas, indicating that Ramas lacked the necessary funds to meet its contractual obligation. Defendant's risk disclosures regarding its ability to obtain "additional financing" and that plaintiffs could lose their investment have no connection to the alleged omissions in this appeal, and "[a] generic warning of a risk will not suffice when undisclosed facts on the ground would substantially affect a reasonable investor's calculations of probability" (Meyer v JinkoSolar Holdings Co. Ltd., 761 F3d 245, 251 [2d Cir 2014]). Nor did publicly available information on Ramas absolve defendant from disclosing such information to the extent it materially affected its offering (see Litwin v Blackstone Group, L.P., 634 F3d 706, 718-719 [2d Cir 2011], cert denied 565 US 878 [2011]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024